UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

          Plaintiff,

v.

          Case No. 21-cv-612-pp

APPROXIMATELY $13,560 IN US CURRENCY,

          Defendant.

---

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (DKT. NO. 10) AND DISMISSING CASE

---

On May 17, 2021, the plaintiff filed a complaint for *in rem* civil forfeiture. Dkt. No. 1. On July 21, 2021, the plaintiff filed an application for entry of default, dkt. no. 9, and the clerk entered default the same day. Along with the application for entry of default, the plaintiff filed a motion for default judgment. Dkt. No. 10. The court will grant that motion.

**I. Entry of Default**

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default, which the plaintiff did on July 21, 2021. The clerk of court entered default that same day, which was appropriate on this record.

The complaint indicates that on or about December 18, 2020, officers seized approximately $13,560 in currency from Andrew Baumann in Plymouth, Wisconsin. Dkt. No. 1 at ¶2. That property remains in the custody of the U.S.

1

Marshal. Id. at ¶3. On May 18, 2021, the clerk issued a warrant for arrest *in rem.* On May 24, 2021, the government provided notice of the complaint, via certified mail, to Andrew Baumann and his attorney. Dkt. Nos. 4, 5. The notices were accepted by Baumann and his attorney on May 26, 2021, and May 27, 2021, respectively. Dkt. No. 7. The notice explained that a complaint had been filed in this district and that any claimant must file a verified claim meeting the requirements of Rule G(5)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims with the Clerk of the United States District Court for the Eastern District of Wisconsin within thirty-five days of the date of the notice and must serve an answer within twenty-one days of the filing of the claim. Dkt. Nos. 4, 5 at ¶3. The marshal returned the executed warrant on June 3, 2021. Dkt. No. 6.

The thirty-five-day time limit expired on June 28, 2021. On June 30, 2021, the government filed a letter advising the court that if no claimant filed a verified claim by July 16, 2021, it would seek default judgment. Dkt. No. 7 at 2. On July 16, 2021, the government filed its declaration of publication. Dkt. No. 8.

To date, no one has filed an answer or a claim to the property.

## II. Plaintiff's Motion for Default Judgment (Dkt. No. 10)

After the entry of default, the plaintiff may move for default judgment under rule 55(b). Fed. R. Civ. P. 55(b). When the court determines that a defendant is in default, the court accepts as true the well-pleaded allegations in the complaint. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th

Cir. 2007). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." Id. However, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true." Id. (quoting In re Catt, 38 F.3d 789, 793 (7th Cir. 2004)). A district court "must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. Id. Rule 55(b)(2) allows the district court to conduct this inquiry through hearings or referrals, if necessary, to determine the amount of damages. Fed. R. Civ. P. 55(b). Such proceedings are unnecessary, however, if the "amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602 (quoting Dundee Cement Co. v Howard Pipe & Concrete Prods., Inc., 722 F2d 1319, 1323 (7th Cir. 1983)).

The well-pleaded allegations of the complaint demonstrate that the $13,560 is subject to forfeiture under 21 U.S.C. §881(a)(6) for violations of 21 U.S.C. §841(a)(1). The complaint alleges that the property is subject to forfeiture because it was used or intended to be used in exchange for controlled substances, represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a further drug trafficking violation. Dkt. No. 1 at ¶7.

The complaint asserts that a confidential informant (CI) had knowledge that Baumann sold marijuana from his residence and knew that he stored the

3

proceeds in a safe in his bedroom. Id. at ¶¶11, 13. It alleges that during a controlled buy on December 16, 2020, Baumann sold the CI two bags of marijuana (55.8 grams and 144.8 grams); Baumann sold that marijuana from inside a cooler in the kitchen. Id. at ¶16. After Bauman sold that marijuana to the CI, more marijuana remained in the cooler. Id. The complaint states that on December 18, 2020, officers executed a search warrant at Baumann's residence (Baumann is the only resident at that address); officers discovered in the kitchen cooler eight baggies containing 173.3 grams of marijuana and ten additional baggies (some with marijuana residue), as well as a digital scale in the kitchen that bore cocaine residue, two baggies in the kitchen closet containing 19 grams of cocaine, drug paraphernalia in the kitchen and approximately $14,260 (including $700 in pre-recorded buy money from the December 16, 2020 controlled buy of marijuana) and notebooks that appeared to be drug ledgers in United States currency in a locked safe in a bedroom closet. Id. at ¶¶17-20.

The defendant has been charged in Sheboygan County Circuit Court Case No. 21CF114 with manufacture/delivery of THC, possession of THC and cocaine, and maintaining a drug trafficking place. Id. at ¶21.

Because the court accepts these well-pleaded allegations as true and because no claimant with a valid interest has filed a claim within the statutory period, the court finds that the plaintiff is entitled to default judgment in the amount of $13,560 (the amount seized minus the buy money).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 10.

The court **ORDERS** that default judgment shall be entered in favor of the plaintiff and against the defendant in the amount of $13,560.

The court **ORDERS** that the $13,560 is forfeited to the United States of America and that no right, title or interest in the defendant property shall exist in any other party.

The court **ORDERS** that the United States Marshals Service for the Eastern District of Wisconsin or its duly authorized agent must seize the defendant property and must dispose of it according to law.

The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 29th day of December, 2021.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**